UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
THE ALPHAS COMPANY, INC.,           )
                                    )
            Petitioner-Appellant,   )
                                    )    Civil Action No. 10-10831-PBS
v.                                  )
                                    )
DAN TUDOR & SONS SALES, INC.,       )
                                    )
            Complainant-Appellee.   )
_____)

**REPORT AND RECOMMENDATION ON THE ALPHAS COMPANY, INC.'S
MOTION FOR A STAY OF JUDGMENT PENDING APPEAL**

June 8, 2011

Boal, M.J.

      On May 14, 2010, the Alphas Company, Inc. ("Alphas") filed a Petition and Notice to Appeal an Administrative Decision and Order (Docket No. 1) (the "Petition"), seeking appellate review of a Reparation Order issued against it and in favor of Dan Tudor & Sons Sales, Inc. ("Tudor") by the Secretary of Agriculture, U.S. Department of Agriculture, PACA Division ("USDA"), pursuant to 7 U.S.C. § 499g.  On January 31, 2011, the District Court adopted this Court's report and recommendation that the Petition be dismissed with prejudice and ordered the case dismissed.  Alphas now moves for a stay of judgment in this matter pending Alphas' appeal of the dismissal to the Court of Appeals for the First Circuit.  For the following reasons, this Court recommends to the District Judge to whom this case is assigned that Alphas' motion for a stay be denied unless, within 14 days after the District Court's order, Alphas files a supersedeas bond in accordance with Fed. R. Civ. P. 62(d) and L.R. 62.2.

FACTUAL AND PROCEDURAL BACKGROUND

Tudor is a seller of perishable agricultural commodities. (PACA Complaint at 1).[1] Tudor filed a reparation complaint against Alphas pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, et seq. ("PACA"). (Id.). In its Complaint, Tudor alleges that between September 21, 2005 and November 5, 2005, it sold seventeen shipments of table grapes to Alphas. (Id. 1-2). Tudor alleges that Alphas failed to pay for the table grapes. (Id. at 2).

On or about April 15, 2010, the USDA issued a reparation order in favor of Tudor and against Alphas in the amount of $61,065.46, plus interest from December 1, 2009, plus the $300.00 filing fee and $6,940.97 for fees and expenses (the "Reparation Order"). (PACA Order Modifying Decision and Order in Response to Respondent's Petition for Reconsideration).[2]

On May 14, 2010, Alphas commenced the instant action seeking review of the USDA's Reparation Order pursuant to 7 U.S.C. § 499g. Tudor moved to dismiss the Petition for lack of subject matter jurisdiction. (Docket No. 5). Tudor argued that this Court lacks jurisdiction to hear Alphas' appeal because Alphas failed to timely file a sufficient bond as mandated by statute. Alphas conceded that it had failed to timely file the required bond but stated that its failure to comply with the bond requirement was due to Tudor's repudiation of a purported settlement agreement on the date of the expiration of the deadline for filing the bond. (Docket No. 9).

---

[1] See Dan Tudor and Son Sales, Inc. v. The Alphas Company, Inc., United States of America, Department of Agriculture, PACA Docket No. R-07-092.

[2] The USDA originally issued a reparation order on November 4, 2009. That reparation order was modified on April 14, 2010 because of errors in the calculation of damages as to certain transactions.

On January 11, 2011, this Court issued a report and recommendation on Tudor's motion to dismiss, and recommended that the District Court dismiss the case with prejudice for lack of subject matter jurisdiction. (Docket No. 15). On January 31, 2011, the District Court adopted this Court's recommendation and dismissed the case with prejudice. (Docket No. 17). On March 2, 2011, Alphas filed a notice of appeal of the District Court's January 31, 2011 order. (Docket No. 19). On March 2, 2011, Alphas filed the instant motion seeking a stay of the judgment in this case pending its appeal to the Court of Appeals for the First Circuit. (Docket No. 20).

## DISCUSSION

By its motion, Alphas seeks a stay of the judgment in this case pending its appeal to the First Circuit. Because the judgment in this case is monetary in nature, Alphas can obtain a stay of the judgment as of right, provided it files a supersedeas bond in accordance with Rule 62(d) of the Federal Rules of Civil Procedure and Local Rule 62.2. To this date, it does not appear that Alphas has filed such a bond, and it appears that Alphas is seeking a waiver of the bond requirement. The Court finds that the equities in this case do not warrant a waiver of the bond requirement. Accordingly, this Court finds that Alphas' motion should be denied unless Alphas files a supersedeas bond. The Court recommends that, if the District Court adopts this report and recommendation, it order that if Alphas wishes to obtain a stay of the judgment, it must file the supersedeas bond within 14 days after the District Court's order.

I.  Legal Standard

Rule 62 of the Federal Rules of Civil Procedure governs a stay of a proceeding to enforce a district court's judgment. See Fed. R. Civ. P. 62. Rule 62(d) allows an appellant to obtain a

stay of a monetary judgment by posting a supersedeas bond. Fed. R. Civ. P. 62(d). Under Local Rule 62.2,

> A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to cover costs, unless the court directs otherwise.

L.R. 62.2

Under Rule 62(d), the posting of a supersedeas bond results in an automatic stay of the execution of a money judgment. See Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002). "The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of the appeal." Id. Thus, Alphas would be entitled to a stay as a matter of right if it filed a supersedeas bond in the amount set forth by Local Rule 62.2.[3]

As suggested by the language of Local Rule 62.2, this Court has discretion to alter the supersedeas bond requirement. Courts have held that no bond is required if the defendant's ability to pay is so plain that the posting of a bond would be a waste of money or the bond would put the defendant's other creditors in undue jeopardy. Id. A monetary judgment may also be stayed under the traditional Hilton test for staying permanent injunctions pending appeal. Cf.

---

[3] "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." Herbert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992). Although the District Court's order of dismissal is not directly a monetary judgment, it binds Alphas to pay a specific sum of money to Tudor by effectively affirming the Reparation Order. Accordingly, the Court treats the District Court's judgment as a monetary judgment for the purposes of seeking a stay subject to Rule 62(d). See, e.g., Herbert, 953 F.2d at 938 (stay under Rule 62(d) should have been imposed where declaratory judgment bound a party to pay a specific sum of money); BellSouth Comm., Inc. v. ITC Deltacom Comm., Inc., 190 F.R.D. 693, 695 (M.D. Ala. 1999) (in case where district court affirmed decision of state agency to pay a sum uncertain, carrier was entitled, upon posting of supersedeas bond, to stay pending appeal under Rule 62(d)).

Acevedo-Garcia, 296 F.3d at 17 n. 4.  Under that test, a request for a stay is evaluated according to the following factors: (1) whether the applicant has made a strong showing of success on the merits; (2) whether the applicant will be irreparably harmed absent the stay; (3) whether issuance of the stay will injure other parties; and (4) where the public interest lies.  Hilton v. Braunskill, 481 U.S. 770, 776-77 (1987).

II.     Alphas Is Entitled To A Stay Should It File A
        Supersedeas Bond In The Appropriate Amount

As set forth above, posting of a supersedeas bond in accordance with Rule 62(d) and Local Rule 62.2 entitles Alphas to a stay of the judgment as of right.[4]  To date, Alphas has not posted such a bond.  Alphas has provided no basis for the Court, in its discretion, to deviate from the amount of the bond prescribed by Local Rule 62.2.  Accordingly, this Court recommends that the District Court deny Alphas' motion for a stay of the judgment unless, within 14 days after the District Court's order, Alphas files a bond in accordance with Local Rule 62.2.  In accordance with Local Rule 62.2, the amount of such a bond must be in the amount of the Reparation Order plus any attorneys' fees awarded by the District Court,[5] plus ten percent to cover interest and $500 to cover costs.

---

[4] Stays of monetary judgments can also be sought pursuant to Rule 62(f) of the Federal Rules of Civil Procedure.  Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  Fed. R. Civ. P. 62(f).  The District Court must grant a stay without a bond if the requirements of Rule 62(f) are met. Acevedo-Garcia, 296 F.3d at 17.  Alphas does not appear to seek a stay under Rule 62(f).  In any event, this Court finds the rule inapplicable to this case.  See Elias Bros. Rest., Inc. v. Acorn Enter., Inc., 931 F. Supp. 930, 938-39 (D. Mass. 1996) (citations omitted).

[5] On this date, this Court issued a Report and Recommendation on Tudor's Request for Attorneys' Fees, recommending that the District Court award Tudor attorneys' fees in the amount of $4,808.50.

III.     The District Court Should Not Waive The Supersedeas Bond Requirement In This Case

Alphas' motion for a stay does not address either the supersedeas bond requirement, the factors for waiving the supersedeas bond requirement, or the Hilton factors for staying a judgment pending appeal.[6] However, it appears that Alphas is requesting a stay of the judgment without having to file a supersedeas bond. Construing Alphas' pleading liberally, this Court will treat its motion as a motion for waiving the bond requirement. For the following reasons, however, the Court finds that Alphas is not entitled to a waiver of the bond requirement.

   A.     Alphas Has Not Shown That Its Ability To Pay The Judgment
          Is Plain Or That Its Other Creditors Would Be Put In Jeopardy

Alphas has not provided the Court with any information regarding its ability to pay the judgment in this case or the impact of the judgment on its other creditors. Accordingly, Alphas' ability to pay the judgment is not sufficiently guaranteed to warrant a waiver of the supersedeas bond requirement. See Acevedo-Garcia, 296 F.3d 13 at 17 (claim of ability to pay must be rejected where the court lacks information necessary to make such a determination); see also Cipes v. Mikasa, Inc., 404 F. Supp. 2d 367, 370 (D. Mass. 2005) (declining to exercise discretion to waive supersedeas bond requirement). Similarly, Alphas has not shown that its other creditors would be put in jeopardy absent a stay. See id.

   B.     Alphas Has Not Shown That It Is Likely To Succeed On The Merits Of Its Appeal

"[O]n motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits

---

[6] Indeed, Alphas has provided no caselaw in support of its motion. It has also failed to comply with Local Rule 7.1(B)(1), which requires a party filing a motion to also file "a memorandum of reasons, including citation of supporting authorities."

when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 149 (D. Mass. 1998) (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)). "When the request for a stay is made to a district court, common sense dictates that the moving party need not persuade the court that it is likely to be reversed on appeal. Rather, with regard to the first prong of the *Hilton* test, the movant must only establish that the appeal raises serious and difficult questions of law in a area where the law is somewhat unclear." Id. (citations omitted).

Alphas has provided no authority to suggest that it is likely to succeed on the merits. The District Court dismissed Alphas' appeal due to its failure to comply with PACA's requirement to post a bond within thirty days after the date of the Reparation Order. The bond requirement is jurisdictional. See, e.g., O'Day v. George Arakelian Farms, Inc., 536 F.2d 856, 862 (9th Cir. 1976) (upholding constitutionality of bond requirement); C.A. Miloslavich v. Frutas del Valle Guadalupe, S.A., 637 F. Supp. 434, 436 (S.D. Cal. 1986); Chidsey v. Geurin, 314 F. Supp. 480, 482 (W.D. Mich. 1970); see also Kessenich v. Commodity Futures Trading Comm'n, 684 F.2d 88, 92 (D.C. Cir. 1982) (Commodities Exchange Act ("CEA") case but the Court found that relevant section of the CEA is patterned after the judicial review portions of PACA). The stated purpose of the bond requirement is to "discourage frivolous appeals taken for the purpose of delaying payment and thereby tending to defeat the purpose of the act." O'Day, 536 F.2d at 860 (quoting House Report No. 915, 75th Cong., 1st Sess., at 3 (1937)).

Alphas has never disputed that it failed to file the required bond. Instead, it argued that its failure to do so should be excused. However, Alphas has never provided any legal support for its argument and, given the Court's review of the legal authority on this point, it believes any

additional effort to provide legal authority in support of Alphas' position would be futile. See Report and Recommendation on Motion to Dismiss Complaint of the Alphas Company, Inc. Against Dan Tudor & Sons Sales, Inc. at 4-8 (Docket No. 15). Accordingly, Alphas has failed to show that the appeal raises serious and difficult questions of law in an area where the law is unclear.

   C. <u>Alphas Has Not Shown That It Would Be Irreparably Harmed Absent A Stay</u>

Alphas' sole argument in support of a stay of judgment is that it will be harmed absent a stay because it will lose its PACA license unless the judgment is stayed. Alphas has stated that, absent a stay of the judgment, it must pay the Reparation Order or it will lose its PACA license. (Alphas Mot. at 2).[7] The Court finds this argument unpersuasive.

Alphas can avoid losing its PACA license by either satisfying the Reparation Order or by filing a supersedeas bond, thereby obtaining a stay as of right. Alphas has not stated that it is unable to procure the supersedeas bond. Indeed, Alphas has continually stated that it stands ready, willing and able to file the bond required under Section 499g(c) of PACA, and which was subject of the motion to dismiss Alphas' Petition. <u>See</u>, <u>e.g.</u>, Alphas' Mot. at 1. The Court sees no reason, and Alphas has advanced none, why Alphas would be able to procure the bond required under Section 499g(c), but not a supersedeas bond.[8] Accordingly, Alphas has not shown that it will be irreparably harmed absent a stay of the judgment.

---

[7] Tudor agrees that if Alphas does not satisfy the Reparation Order in a timely manner Alphas may lose its PACA license. (Tudor Br. at 4). <u>See</u> also 7 U.S.C. § 499g(d).

[8] The amount of the bond under Section 499g(c) is higher than the bond required by Local Rule 62.2. The section 499g(c) bond must be <u>double</u> the amount of the Reparation Order plus interest, costs, and a reasonable attorneys' fee. 7 U.S.C. § 499g(c)

D.     Issuance Of A Stay Without Security Will Harm Tudor

The Court finds that issuance of a stay without security would harm Tudor. Tudor has been denied payments for shipment of grapes for over five years. See Tudor's Opp. at 5. Especially in light of Alphas' slim likelihood of success in its appeal, the Court finds that it would be inequitable to allow Alphas to suspend payment of the judgment pending appeal without providing any security.

E.     Public Interest

The last factor to be considered by this Court is the public interest. PACA was enacted by Congress in 1930 with "the intent of 'preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry.'" Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997) (citation omitted). "To that end, PACA requires that buyers make 'full payment promptly' for all commodities received from produce suppliers." Hull Co. v. Hauser's Foods, Inc., 924 F.2d 777, 780 (8th Cir. 1991). The primary purpose of PACA is "to provide a practical remedy to small farmers and growers who were vulnerable to the sharp practices of financially irresponsible and unscrupulous brokers in perishable commodities." O'Day, 536 F.2d at 857-58. Moreover, as discussed above, the purpose of the bond requirement to perfect appeals of PACA reparation orders is to "discourage frivolous appeals taken for the purpose of delaying payment and thereby tending to defeat the purpose of the act." O'Day, 536 F.2d at 860 (quoting House Report No. 915, 75th Cong., 1st Sess., at 3 (1937)).

Here, Alphas' failure to file the bond required by Section 499g(c) was contrary to PACA's purpose and goals. In the meantime, Alphas has avoided paying the Reparation Order and has enjoyed the use of that money for over a year pending the resolution of this dispute.

Under those circumstances, it would be against the public interest to suspend payment of the Reparation Order pending appeal without any corresponding security to Tudor. Accordingly, the Court finds that Alphas has not shown that it is entitled to a stay of the judgment pending appeal absent the filing of a supersedeas bond.

RECOMMENDATION

For the reasons stated herein, this Court recommends to the District Judge to whom this case is assigned that Alphas' motion for a stay of the judgment pending appeal be DENIED unless Alphas files, within 14 days after the District Court's order, a supersedeas bond in an amount equal to the Reparation Order plus any attorneys' fees awarded by the District Court, plus ten percent to cover interest and $500 to cover costs in accordance with Fed. R. Civ. P. 62(d) and L.R. 62.2.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge