UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

———————————————————————
                                                    )
THE ALPHAS COMPANY, INC.,          )
                                                    )
            Petitioner-Appellant,              )
                                                    )        Civil Action No. 10-10831-PBS
v.                                                  )
                                                    )
DAN TUDOR & SONS SALES, INC.,   )
                                                    )
            Complainant-Appellee.           )
———————————————————————)

**REPORT AND RECOMMENDATION ON DAN TUDOR
& SONS SALES, INC.'S REQUEST FOR ATTORNEYS' FEES**

January 22, 2013

Boal, M.J.

On May 16, 2012, the U.S. Court of Appeals for the First Circuit affirmed the District

Court's grant of Dan Tudor & Sons Sales, Inc.'s ("Tudor") motion to dismiss on the grounds that

Alphas Company, Inc.'s ("Alphas") failure to file the required bond rendered its appeal to the

District Court ineffective.  Docket No. 35.  On June 1, 2012, Tudor applied to recover its costs

and attorneys' fees incurred before the First Circuit.  On September 14, 2012, the First Circuit

ruled that Tudor was the prevailing party and, therefore, was entitled to recover its costs and

attorneys' fees.  It remanded Tudor's fee application to the District Court, Docket No. 38, which

in turn referred Tudor's fee application to the undersigned on September 18, 2012.  Docket No.

39.  For the following reasons, this Court recommends to the District Judge to whom this case is

assigned that she award Tudor reasonable attorneys' fees in the amount of $35,967.70 and costs

in the amount of $308.71.

-1-

I.      FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2009, a Reparation Order was issued against Alphas and in favor of Tudor (the "Reparation Order") by the U.S. Department of Agriculture.  PACA Decision and Order dated November 4, 2009.  On May 14, 2010, Alphas filed a Petition and Notice to Appeal an Administrative Decision and Order (Docket No. 1) (the "Petition"), seeking appellate review of the Reparation Order pursuant to 7 U.S.C. § 499g.

On January 31, 2011, the District Court adopted this Court's report and recommendation that the Petition be dismissed with prejudice and dismissed the Petition.  Docket No. 17.  On March 2, 2011, Alphas filed a notice of appeal.

On February 17, 2011, Tudor filed a memorandum supporting its request to recover its costs and attorneys' fees.  Docket No. 18.  This Court issued a report and recommendation on June 8, 2011, recommending that the District Court award Tudor costs and attorneys' fees in the amount of $4,808.50.  Docket No. 27.  The District Court adopted this Court's Report and Recommendation on August 1, 2011.  Docket No. 33.

On May 16, 2012, the First Circuit affirmed the District Court's decision to dismiss Alphas' Petition and awarded costs to Tudor.[1]  Docket No. 37.

On June 1, 2012, Tudor applied to recover its costs and attorneys' fees on appeal.  See Docket No. 38-1.  On June 15, 2012, Alphas filed an opposition to Tudor's motion for attorneys' fees.  See Docket No. 38-2.  The First Circuit ruled that Tudor was entitled to recover its costs and attorneys' fees on appeal on September 14, 2012.  Docket No. 38.  The First Circuit also

_____

[1] On September 12, 2012, Alphas filed a petition for a writ of certiorari in the United States Supreme Court.  Docket No. 40.  On November 26, 2012, the Supreme Court denied Alphas' petition.  Docket No. 49.

remanded Tudor's application for attorneys' fees to the District Court.  Id.  The District Court

referred Tudor's fee application to the undersigned for a Report and Recommendation on

September 18, 2012.  Docket No. 39.

On September 24, 2012, Tudor filed a supplemental motion for attorneys' fees.  Docket

No. 41.  In that motion, Tudor asked to recover additional fees incurred from June 1, 2012

through the date of the motion.  Alphas filed an opposition on October 8, 2012.  Docket No. 44.

II.    ANALYSIS

Tudor seeks reimbursement of a total of $47,797.36 in legal fees.[2]  Docket No. 41 at 13.

Specifically, Tudor seeks $4,808.50 previously awarded by the District Court for fees incurred

from May 17, 2010 to February 28, 2011; $23,214.96 for fees incurred from March 1, 2011 to

May 31, 2012; and $19,773.90 for fees incurred from June 1, 2012 through September 24, 2012.

See Docket No. 41 at 12-13.  Alphas has not challenged the reasonableness of the fees sought.[3]

However, this Court must determine for itself whether Tudor's request is reasonable.  Although

Tudor is the prevailing party in this case, it is not necessarily entitled to recover for all the time

---

[2] In its opposition to Tudor's fee application, Alphas argued that Tudor is seeking recovery of fees and costs already awarded and claimed in the District Court.  See Docket No. 38-2 at 5.  As explained in Tudor's reply in support of its fee application (Docket No. 38-3), the total amount sought "includes the $4,808.50 in fees already awarded to Tudor by the District Court's August 1, 2011 Order."  Docket No. 38-3 at 2.  In order to avoid confusion, the Court will analyze Tudor's request for attorneys' fees by date of service and will determine the total amount of fees owed since Alphas filed its Petition in May 2010.

[3] Instead, Alphas requested that the Court take no action on Tudor's motion for attorneys' fees pending the Supreme Court's decision on Alphas' petition for a writ of certiorari.  See Docket No. 43 at 2.  This request became moot when Alphas' petition for a writ of certiorari was denied on November 26, 2012.  Docket No. 49.

Although Alphas also argued before the First Circuit that Tudor was not the prevailing party, see Docket No. 38-2 at 6-8, the First Circuit rejected that argument.  Docket No. 38 at 2.

spent in this litigation.  See Culebras Enter. Corp. v. Rivera-Rios, 846 F.2d 94, 102 (1st Cir.

1988).  Instead, the Court must calculate a reasonable fee award.  The First Circuit has

summarized the principles applicable to the determination of a reasonable attorneys' fee award:

> When fashioning a fee award, the district court ordinarily starts by constructing
> what has come to be known as the lodestar.  In general, the lodestar is the product
> of the number of hours appropriately worked times a reasonable hourly rate or
> rates.  The party seeking the award has the burden of producing materials that
> support the request.  These materials should include counsel's contemporaneous
> time and billing records, suitably detailed, and information anent the law firm's
> standard billing rates.  The putative payor may submit countervailing evidence.
> The court, usually after hearing arguments, will then calculate the time counsel
> spent on the case, subtract duplicative, unproductive, or excessive hours, and
> apply prevailing rates in the community (taking into account the qualifications,
> experience, and specialized competence of the attorneys involved).

Hutchinson ex rel. v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (internal citations and quotations

omitted).

      1.     Reasonable Hourly Rate

The first step in calculating the lodestar amount involves determining the reasonable

hourly rate.  The reasonable hourly rate is the rate "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience and reputation."  Grendel's Den,

Inc. v. Larkin, 749 F.2d 945, 955 (1st Cir. 1984) (quotations omitted).  "The fee-seeker must

carry the burden of establishing the prevailing hourly rate (or schedule of rates) in the

community for the performance of similar legal services by comparably credentialed counsel."

Hutchinson, 636 F.3d at 16 (citations omitted).

Tudor retained the law firm of Rynn & Janowsky, LLP ("Rynn") in Newport Beach,

California.  Botta Aff. at ¶¶ 1, 11.[4]  A substantial amount of the firm's litigation practice directly involves cases arising under PACA.  Id. at ¶ 8.  Bart M. Botta is the primary attorney at Rynn that worked on this case.  Id. at ¶ 14.  Lewis P. Janowsky, a partner at Rynn, Elise O'Brien, an associate at Rynn, June Monroe and Angel Iglesias, paralegals, also worked in this case.  Id. at ¶ 14.  Attorneys Botta and Janowsky have a billable rate of $350.00 per hour.  Id.  Attorney O'Brien has a billable rate of $ 295.00 per hour.  Id.[5]  Ms. Monroe has a billable rate of $125.00 per hour.  Id.  Mr. Iglesias has a billable rate of $65.00 per hour.  Id.

Attorney Botta has approximately nineteen years of experience litigating PACA claims and he states that he is very familiar with this area of the law.  Id. at ¶ 8.  Approximately 75% of Attorney Botta's caseload consists of PACA related matters.  Id.  In addition to practicing agricultural law, Attorney Botta has presented seminars on agricultural law and PACA matters, and has been a member of the California State Bar's Agribusiness Committee since 2005, served as the Vice-Chair, and then as Chairperson from 2006 to 2007, of the State Bar's Agribusiness Committee of the Business Law Section.  Id. at ¶ 9.  He has also been counsel of record in several published decisions in various U.S. Court of Appeals throughout the country, all involving agricultural issues under PACA.  Id. at ¶ 10.

Attorney Janowski has over 30 years of litigation experience.  Id. at ¶ 15.

---

[4] "Botta Aff." refers to the September 24, 2012 Declaration of Bart M. Botta in Support of Dan Tudor & Son Sales, Inc.'s Motion for Supplemental Attorney Fees Pursuant to September 14, 2012 Order of the United States Court of Appeals for the First Circuit.  Docket No. 41-1.

[5] Since Alphas first filed this case, Attorneys Botta and Janowski's billable rate has increased to $395 per hour but they have maintained a $350 per hour rate in this case.  Botta Aff. at ¶¶ 7, 14.  Similarly, Attorney O'Brien's rate increased to $350 per hour but she maintained a rate of $295 per hour in this case.  Id. at ¶ 14.

Valerie Carter and Dennis C. Carter from Carter & Doyle, LLP, a Massachusetts firm, acted as local counsel in this case.  Carter Aff. at ¶¶ 3-4.[6]  Both attorneys have a billable rate of $350.00 per hour in this case, although Ms. Carter usually charges $375 per hour for her services.  Id.

Valerie Carter has practiced law since 1985 and has significant experience before the federal courts.  Id. at ¶ 5.  Dennis Carter was admitted to the practice of law in Massachusetts in 2007.  Id. at ¶ 6.  The majority of his practice is in federal courts in Massachusetts on matters ranging from PACA cases to bankruptcy matters.  Id.

The materials submitted by Tudor do not include the experience and qualifications of Attorney O'Brien, Ms. Munroe or Mr. Iglesias.

Because Tudor had not adduced any evidence warranting higher rates, this Court had previously found the following hourly rates reasonable in this case: $250 per hour for the most experienced attorneys and $65-80 per hour for paralegals.  See Docket No. 27 at 10.  Tudor now submits the affidavits of attorneys Jeffrey M. Chebot, Craig Alan Stokes, Mark A. Amendola, Lawrence H. Meuers, Valerie S. Carter and Thomas R. Kiley to establish the reasonableness of a $350 hourly rate for attorneys experienced in PACA matters.  See Docket Nos. 41-2, 41-3, 41-4, 41-5, and 41-6.  Tudor has also provided to the Court similar cases where courts awarded its counsel an hourly rate of $350.  Botta Aff. at ¶ 16.  Tudor has not presented any evidence, however, to support the rates charged by Attorney O'Brien, Attorney Dennis Carter and Ms. Munroe.  Nevertheless, courts have found a $150 hourly rate reasonable for less experienced

_____

[6] "Carter Aff." refers to the September 24, 2012 Declaration of Valerie S. Carter in Support of Tudor's Motion for Supplemental Attorneys' Fees Pursuant to September 14, 2012 Order of the United States Court of Appeals for the First Circuit.  Docket No. 41-6.

attorneys.  See Dayoub Marketing, Inc. v. Seven Seas Trading Co., No. 04 Civ. 01881, 2009 WL

890034, at *18 (S.D.N.Y. Mar. 31, 2009) (collecting cases); see also Class Produce Group, LLC

v. Evergreen Supermarket, Inc., No. WDQ-12-2191, 2012 WL 5995243, at *4 (D. Md. Nov. 28,

2012) (finding a range of $150 to $190 per hour reasonable for junior associates).  Accordingly,

the Court finds the following hourly rates to be reasonable for the June 1, 2012 and the

September 24, 2012 applications in this case:[7]

| | |
|---|---|
| Attorney Botta: | $350 per hour |
| Attorney Janowski: | $350 per hour |
| Attorney Valerie Carter: | $350 per hour |
| Attorney O'Brien: | $150 per hour |
| Attorney Dennis Carter: | $150 per hour |
| Ms. Munroe: | $80 per hour |
| Mr. Iglesias: | $65 per hour |

    2.    Hours Reasonably Expended

Generally, the "trial bench need not feel handcuffed by counsel's submission of time

records, no matter how elaborate."  Guckenberger v. Boston Univ., 8 F. Supp. 2d 91, 100 (D.

Mass. 1998) (citations omitted).  "To the contrary, the presiding judge must draw on her

experience and wisdom in deciding whether the time spent on each phase was in excess of a

reasonable amount."  Id. (alterations and citations omitted).

"Typically, a court proceeds to compute the lodestar amount by ascertaining the time

---

[7] Because, inter alia, the amount involved was relatively low, Tudor did not challenge the
rates set by the Court in its June 8, 2011 report and recommendation (Docket No. 41 at 9), and
therefore those rates stand for that decision.

counsel actually spent on the case and then subtracting from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary."  Id. (internal quotations omitted).  The First Circuit does not require courts to set forth an hour-by hour analysis of a fee request.  Id. (quotations omitted).  "Nevertheless, when a district court makes a substantial reduction in fees requested, the Court should offer reasonably explicit findings and has a burden to spell out the whys and wherefores."  Id.  (internal quotations and citations omitted).

Tudor's counsel submitted contemporaneous time records.  Docket No. 38-1 at 19-66; Docket No. 41-1 at 15-26, Docket No. 41-6 at 6-8; Docket No. 51, Docket No. 52.  Upon review of the time records, the Court determines that most of the time spent in this case was reasonable. However, some of the time requested is excessive and seeks fees for tasks that were non-complex and/or otherwise non-reimbursable.  For example:

- Tudor seeks compensation for time spent by its attorneys learning the rules of the Court and seeking admission to the First Circuit.  See, e.g., Docket No. 38-1 at 32; Docket No. 52 at 3.  When an attorney agrees to represent a client in litigation, it is expected that he or she is already qualified to litigate the case, and is admitted to the court where the case is pending.  See Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., ___ F. Supp. 2d ___, 2012 WL 3031471, at *8 (S.D.N.Y. 2012).  Accordingly, Tudor should not recover these fees.

- Tudor seeks reimbursement for hours spent on matters that do not appear to have any relation to the issues in this case.  See, e.g., Docket No. 38-1 at 34 (referencing a "conference with Tom Oliveri at Western Growers re: status of case").

- Many entries seek compensation for time spent "conferencing."  See, e.g., Docket No. 38-1 at 34, 43, 46, 48, 54; Docket No. 41-1 at 16, 18, 25; Docket No. 51 at 1, 2; Docket No. 52 at 3. Although some conferencing is a necessary element of litigation, the Court finds that the time spent conferencing in this relatively uncomplicated case appears excessive.  See Conservation Law Foundation, Inc. v. Patrick, 767 F. Supp. 2d 244, 254 (D. Mass. 2011).

- Tudor also seeks compensation for administrative tasks performed by attorneys. For example, on September 12, 2011, Attorney Botta billed for 0.8 hours spent, inter alia, drafting a memo regarding the status of the appeal and researching the federal docket in the case.  Docket No. 38-1 at 43.  In addition, on February 8, 2012, Attorney Botta billed for 1.4 hours spent revising and finalizing the headings and table of contents in a brief, conferring with an assistant regarding the electronic filing of the brief, and drafting email correspondence to local counsel regarding the filing of the brief.   Docket No. 38-1 at 54; see also Docket No. 52 at 1-2.  "Whether performed by attorneys or legal assistants, purely administrative work ought to be either eliminated or paid at lower rates." Conservation Law Foundation, 767 F. Supp. 2d at 254 (citation omitted). Accordingly, Tudor should not recoup the full amount of these fees.

- Tudor seeks a total of 2.3 hours spent making changes to its appellate brief because it apparently did not comply with the rules of the U.S. Court of Appeals for the First Circuit.  See Docket No. 52 at 4.  Time spent by an attorney in remedying his own errors is not compensable.  See Luca v. County of Nassau,

698 F. Supp. 2d 296, 307 (E.D.N.Y. 2010) ("[T]he cost of correcting an attorney's errors, no matter how trivial, should be borne by the attorney, not the defendant.").

• Finally, the Court observes that because Tudor retained two law firms in this case, the billing entries reflect some duplication of work.

However, because Tudor's attorneys billed their time using the "block-billing"[8] method, it is impossible for the Court to engage in a line-by-line consideration of the multitude of time entries presented. In any event, the First Circuit does not require a line-by-line analysis and has applied an across-the-board reduction method to resolve fee issues that could not be accurately defined in terms of hours of service. See, e.g., United States v. Metropolitan District Comm'n, 847 F.2d 12, 16 (1st Cir. 1988) ("Although there is 'some burden on the court to explain why it makes a substantial adjustment, up or down, of a diary-supported bill,' we have 'never required that [district] courts set forth hour-by-hour analyses of fee requests.'") (internal citations omitted). Accordingly, this Court finds that a 20% across-the-board reduction is appropriate in this case. See, e.g., Awuah v. Coverall North Am., Inc., 791 F. Supp. 2d 284, 289 (D. Mass. 2011) ("It is the practice of this Court to reduce block-billed entries by twenty percent.").

Accordingly, the Court calculates Tudor's reasonable attorneys' fees as follows:

| | | |
|---|---|---|
| Bart M. Botta: | 80.5 hours at $350 per hour = | $28,175.00 |
| Lewis P. Janowsky: | 5.3 hours at $350 per hour = | $1,855.00 |
| Elise O'Brien: | 7.3 hours at $150 per hour = | $1,095.00 |

---

[8] "Block billing" is defined as "the time-keeping method by which an attorney lumps together the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Conservation Law Foundation, 767 F. Supp. 2d at 253 (quotation omitted).

| June Monroe: | 12.3 hours at $80 per hour = | $984.00 |
| Valerie Carter: | 17.1 hours at $350 per hour = | $5,985.00 |
| Denis Carter: | 5.7 hours at $150 per hour = | $855.00 |
| Total: | | $38,949.00 |

Therefore, the lodestar amount is $38,949.00.  Taking a 20% deduction, that amount is

reduced to $31,159.20.  Accordingly, this Court finds that from March 1, 2011 to September 24,

2012, Tudor's reasonable attorneys' fees are $31,159.20.  Because this Court had previously

awarded Tudor reasonable attorneys' fees in the amount of $4,808.50 for the period May 17,

2010 to February 28, 2011, the total amount of reasonable attorneys' fees that Tudor should

recover for the entirety of this action is $35,967.70.

       3.    Costs

Tudor seeks $925.46 in costs for PACER fees, copying, legal research, parking,

postage/facsimile and other expenses.[9]  In addition to reasonable attorneys' fees, PACA allows

for the award of costs.  See, e.g., Argi Exotic Trading, Inc. v. New Man Designed Systems, Ltd.,

No. 07-CV-0049, 2008 WL 2397565, at *5 (E.D.N.Y. Jun. 12, 2012).  "Awardable costs are

'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their

clients.'"  Id.

       a.    Copying Costs/Postage/Fax Charges

Tudor seeks to recover $180.47 in copying costs, $98.87 in UPS and postage costs, and

---

[9] Tudor did not itemize the costs for which it seeks reimbursement.  Instead, it submitted its attorneys' bills, where the Firms seek payment for the costs they have incurred in the litigation.  Docket No. 38-1 at 19-66; Docket No. 41-1 at 15-26, Docket No. 41-6 at 6-8; Docket No. 51, Docket No. 52.  The Court reviewed the bills and then had to calculate the amount for each category and the total amount.

$8.00 in fax charges.  <u>See</u> Docket No. 38-1 at 46, 48, Docket No. 52 at 4.  Copying and postage are compensable costs under PACA.  <u>Argi Exotic Trading</u>, 2008 WL 2397565 at *5.  However, Tudor did not submit any information regarding what documents were copied, the amount of copies made, and for what purpose.  The entries in the time records only list an amount with the designation of "copies."  Similarly, Tudor did not submit any receipts or other documentation to support the postage, UPS or fax charges.  Accordingly, the Court declines to award expenses for these items.

 b. <u>Pacer</u>

Tudor seeks to recover $8.56 in PACER fees.  <u>See</u> Docket No. 38-1 at 34, 48; Docket No. 41-1 at 21.  However, Tudor has not provided a breakdown of the fees, <u>i.e.</u>, what they are for or for what purpose.  In addition, the Court notes that parties typically receive one free review of a filed document and Tudor has not provided any explanation why such free access was not sufficient.  Accordingly, the Court declines to award expenses for these items.

 c. <u>Legal Research</u>

Costs for online research tools can be recovered if such costs are generally billed to the client as a separate item.  <u>InvesSys, Inc. v. McGraw-Hill Cos., Ltd.</u>, 369 F.3d 16, 22 (1st Cir. 2004).  Here, Tudor seeks to recover $308.71 in Lexis/Nexis research fees.  <u>See</u> Docket No. 38-1 at 55, Docket No. 41-1 at 19.  The research cost appears to have been paid by the firm to a third-party provider and then billed to Tudor.  Accordingly, the Court will award $308.71 in online legal research fees.

 d. <u>Admissions Fee</u>

Tudor seeks recovery of its attorney's $226 admission fee to the First Circuit.  <u>See</u>

Docket No. 52 at 4.  For the same reasons that Tudor may not recover for time spent by its attorney in preparing an application to be admitted to practice before the First Circuit, Tudor may not recover this fee.

     e.    <u>Other Charges</u>

Tudor seeks recovery of a $69.85 cost listed as "Attorney Service."  <u>See</u> Docket No. 38-1 at 54.  Because Tudor has not presented any evidence regarding the nature of this cost, the Court declines to award this expense.  Tudor also seeks recovery of a $25 parking expense, but has provided no supporting documentation.  <u>See</u> Docket No. 52 at 4.  Accordingly, the Court denies payment for this expense too.

## III.    <u>RECOMMENDATION</u>

For the reasons stated herein, this Court recommends to the District Judge to whom this case is assigned that the District Judge award Tudor total reasonable attorneys' fees in the amount of $35,967.70 and costs in the amount of $308.71.  This amount is the total amount due for the case and it includes the fees previously awarded by the Court on August 1, 2011.

## IV.    <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P.

72(b) will preclude further appellate review of the District Court's order based on this Report

and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999);

Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge