UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
THE ALPHAS COMPANY, INC.,           )
                                    )
        Petitioner-Appellant,       )
                                    )   Civil Action No. 10-10831-PBS
v.                                  )
                                    )
DAN TUDOR & SONS SALES, INC.,       )
                                    )
        Complainant-Appellee.       )
_____)

REPORT AND RECOMMENDATION ON THE ALPHAS COMPANY,
INC.'S MOTION FOR RECONSIDERATION ON ATTORNEYS' FEES

May 16, 2013

Boal, M.J.

Before the Court is the Alphas Company, Inc.'s ("Alphas") motion for reconsideration on the issue of attorneys' fees. For the following reasons, this Court recommends that the District Court DENY Alphas' motion.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 4, 2009, a Reparation Order was issued against Alphas and in favor of Dan Tudor & Sons Sales, Inc.'s ("Tudor") (the "Reparation Order") by the U.S. Department of Agriculture. PACA Decision and Order dated November 4, 2009. On May 14, 2010, Alphas filed a Petition and Notice to Appeal an Administrative Decision and Order (Docket No. 1) (the "Petition"), seeking appellate review of the Reparation Order pursuant to 7 U.S.C. § 499g.

On January 31, 2011, the District Court adopted this Court's report and recommendation and dismissed the Petition. Docket No. 17. On March 2, 2011, Alphas filed a notice of appeal.

On February 17, 2011, Tudor filed a memorandum supporting its request to recover its

costs and attorneys' fees.  Docket No. 18.  This Court issued a report and recommendation on June 8, 2011, recommending that the District Court award Tudor costs and attorneys' fees in the amount of $4,808.50 for the period from May 17, 2010 to February 28, 2011.  Docket No. 27.  The District Court adopted this Court's Report and Recommendation on August 1, 2011.  Docket No. 32.

On May 16, 2012, the First Circuit affirmed the District Court's decision to dismiss Alphas' Petition and awarded costs to Tudor.[1]  Docket No. 36.

On June 1, 2012, Tudor applied to recover its costs and attorneys' fees on appeal.  See Docket No. 38-1.  On June 15, 2012, Alphas filed an opposition to Tudor's motion for attorneys' fees.  See Docket No. 38-2.  The First Circuit ruled that Tudor was entitled to recover its costs and attorneys' fees on appeal on September 14, 2012.  Docket No. 38.  The First Circuit also remanded Tudor's application for attorneys' fees to the District Court for determination of the total amount of fees to be awarded.  Id.  The District Court referred Tudor's fee application to the undersigned for a Report and Recommendation on September 18, 2012.  Docket No. 39.

On September 24, 2012, Tudor filed a supplemental motion for attorneys' fees.  Docket No. 41.  In that motion, Tudor asked to recover additional fees incurred from June 1, 2012 through the date of the motion.  Alphas filed an opposition on October 8, 2012.  Docket No. 44.

On January 22, 2013, this Court issued a report and recommendation on Tudor's application for attorneys' fees.  Docket No. 55.  This Court found that Tudor's reasonable attorneys' fees from March 1, 2011 to September 24, 2012 were $31,159.20 and its recoverable

---

[1] On September 12, 2012, Alphas filed a petition for a writ of certiorari in the United States Supreme Court.  Docket No. 40.  On November 26, 2012, the Supreme Court denied Alphas' petition.  Docket No. 49.

costs were $308.71.  Docket No. 55 at 11, 13.  Because the District Court had previously awarded Tudor reasonable attorneys' fees in the amount of $4,808.50 for the period May 17, 2010 to February 28, 2011, this Court recommended to the District Judge to whom this case is assigned that she award Tudor reasonable attorneys' fees in the amount of $35,967.70 and costs in the amount of $308.71 for the entirety of the action.  Id.

On February 5, 2013, Alphas filed an objection to this Court's report and recommendation.  Docket No. 56.  Alphas argued that this Court made a mathematical error in calculating attorneys' fees.  On February 8, 2013, the District Court treated Alphas' objection as a motion for reconsideration for a possible mathematical error and referred it to the undersigned.  Docket Nos. 58-59.  Tudor filed a reply to Alphas' objections on April 8, 2013.  Docket No. 60.

II.   ANALYSIS

Alphas argues that the Court made a mathematical error in calculating the attorneys' fees due to Tudor.  Specifically, Alphas points out that this Court credited Attorney Bart Botta, Tudor's lead counsel, with spending 80.5 hours at $350 per hour in this case for a total of $28,175.00 in attorneys' fees.  Docket No. 56 at 2.  Alphas also states that this amount must be wrong because in Attorney Botta's September 24, 2012 declaration in support of Tudor's motion for attorneys' fees, he stated that he "spent a total of 33.2 hours at the rate of $350 per hour during the months of June, July, August and September."  Id. at 1.  Alphas continues to state that even if one includes a prior declaration by Attorney Botta dated May 31, 2012, Attorney Botta's hours total only "47.5 hours or $16,625.00, rather than the 80.5 hours totaling $28,175.00, which this Court credits erroneously at the bottom of page 10 of its Report and Recommendations.  No subsequent, additional, or modifying Declarations were filed by Attorney Botta subsequent to his

above-referenced Declaration which was filed on September 24, 2012." Id. at 2.  Alphas is

incorrect.

First, the Court notes that in calculating the lodestar amount, this Court relied on the

contemporaneous billing records submitted by Tudor's counsel and not Attorney Botta's own

calculations as reflected in his affidavits.  See Docket No. 55 at 8.  Nevertheless, in case it had

made an error, the Court has once again reviewed those records and, after such review, confirms

its prior calculation.  In any event, and contrary to Alphas' assertions, Attorney Botta's affidavits

also confirm the Court's calculations.

In this case, Tudor has submitted three fee applications, with corresponding supporting

affidavits.  On February 17, 2011, Attorney Botta filed a declaration in support of Tudor's

attorneys' fees request from the commencement of the case until February 28, 2011.  Docket No.

18-1.  In that declaration, Attorney Botta stated that he spent 15.9 hours in the case.  Docket No.

18-1 at ¶ 8; see also Docket No. 26-2.  After review of the bills, the Court notes that Attorney

Botta appears to have made a small calculation error and that he included time for which Tudor

was not actually charged.  Accordingly, the correct total hours attributable to Attorney Botta for

the period ending February 28, 2011 is 14.3 hours, which is what the Court attributed to him in

its June 8, 2011 Report and Recommendation.  See Docket No. 27 at 11.

On May 31, 2012, Attorney Botta filed another affidavit in support of Tudor's fee request

to the U.S. Court of Appeals for the First Circuit, covering the period from the commencement

of the case through May 31, 2012.  Docket No. 38-1.  In that affidavit, he states that "[d]uring

the appeal to the U.S. District Court and the First Circuit Court of Appeals through the April

billing statement, I have expended a total of 50.5 hours at the rate of $350.00 per hour. . ."[2] Docket No. 38-1 at 14, ¶ 10.  He also states, "[a]lso, I have expended a total of 11.1 hours at the rate of 350.00 per hour from May 1, 2012 through the date of this Affidavit which is not included on a billing statement since the May statement has not been printed yet. . ."  Id.

Finally, on September 24, 2012, Attorney Botta filed a declaration in support of Tudor's motion for supplemental attorneys' fees incurred between June 1, 2012 and September 24, 2012.  Docket No. 41-1.  In that affidavit, Attorney Botta states that "during the months of June, July, August, and September (through the date of this declaration), I spent a total of 33.2 hours at the rate of $350 per hours on this matter."  Docket No. 41-1 at 9, ¶ 21.  Accordingly, Attorney Botta has submitted declarations evidencing that he has spent a total of 94.8 hours from the beginning of this case through September 24, 2012.  That amount includes the 14.3 hours for which Tudor was awarded fees in August 2011, for the period ending February 28, 2011.  Deducting the 14.3 hours from 94.8 equals 80.5 hours, which is the same amount the Court determined that Attorney Botta had spent from March 1, 2011 to September 24, 2012.  See Docket No. 55 at 10.  In its objections, Alphas appears to have omitted the 50.5 hours referenced in Attorney Botta's May 31, 2012 affidavit.  It states that Attorney Botta's declaration only provides support for 47.5 hours instead of 80.5 hours, as found by the Court.  Presumably, Alphas arrived at the 47.5 hour figure by adding the 14.3 hours contained in the February 17, 2011 Declaration (which accounted for time spent between the commencement of the case and February 2011) with 33.2 hours contained in the September 24, 2012 Declaration (which accounted for time spent between

---

[2] That amount includes the previous 14.3 hours referred to in the February 17, 2011 affidavit.

June 1, 2012 and September 24, 2012).

Accordingly, the Court finds that it did not make any mathematical errors in its calculations and recommends that the Court deny Alphas' motion for reconsideration.

III.    RECOMMENDATION

For the reasons stated herein, this Court recommends to the District Judge to whom this case is assigned that the District Judge DENY Alphas' motion for reconsideration and award Tudor total reasonable attorneys' fees in the amount of $35,967.70 and costs in the amount of $308.71.  This amount is the total amount due for the case and it includes the fees previously awarded by the Court on August 1, 2011.

IV.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d

343 (1st Cir.1993).

                                                  /s/ Jennifer C. Boal
                                                  JENNIFER C. BOAL
                                                  United States Magistrate Judge