UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
THE ALPHAS COMPANY, INC.,               )
                                        )
           Petitioner-Appellant,        )
                                        )          Civil Action No. 10-10831-PBS
v.                                      )
                                        )
DAN TUDOR & SONS SALES, INC.,           )
                                        )
           Complainant-Appellee.        )
_____)

REPORT AND RECOMMENDATION ON DAN TUDOR & SONS SALES,
INC.'S MOTION TO ENFORCE LIABILITY ON SUPERSEDEAS BOND

May 16, 2013

Boal, M.J.

On January 31, 2011, the District Court granted Dan Tudor & Sons Sales, Inc.'s

("Tudor") motion to dismiss on the grounds that Alphas Company, Inc.'s ("Alphas") failure to

file the required bond rendered its appeal to the District Court ineffective.  Docket No. 17.  The

U.S. Court of Appeals for the First Circuit affirmed and a mandate issued on July 6, 2012.

Docket Nos. 35, 37.  On September 24, 2012, Tudor, as the prevailing party, moved to enforce

liability against a supersedeas bond filed by Alphas in the District Court.  Docket No. 42.   For

the following reasons, this Court recommends to the District Judge to whom this case is assigned

that she grant the motion and allow Tudor to collect its judgment from the bond, but only 90

days after entry of judgment and the failure of Alphas to pay during that time period.

I.     FACTUAL AND PROCEDURAL BACKGROUND

       A.     Administrative Proceedings

       On November 4, 2009, a Reparation Order was issued against Alphas and in favor of

Tudor (the "Reparation Order") by the U.S. Department of Agriculture.  PACA Decision and

Order dated November 4, 2009.  On April 14, 2010, after Alphas filed a motion for

reconsideration, the Secretary of Agriculture affirmed the Reparation Order but revised the

amount of the award.  The agency's final decision awarded Tudor $61,065.46, plus interest at

.47% per annum from December 1, 2005, plus $300.00 for a filing fee, as well as $6,940.97 in

fees and expenses.

B.      District Court Proceedings

 On May 14, 2010, Alphas filed a Petition and Notice to Appeal an Administrative

Decision and Order (Docket No. 1) (the "Petition"), seeking appellate review of the Reparation

Order pursuant to 7 U.S.C. § 499g.  On January 31, 2011, the District Court adopted this Court's

report and recommendation and dismissed the Petition.  Docket No. 17.

On February 17, 2011, Tudor filed a memorandum supporting its request to recover its

costs and attorneys' fees.  Docket No. 18.  This Court issued a report and recommendation on

June 8, 2011, recommending that the District Court award Tudor costs and attorneys' fees in the

amount of $4,808.50.  Docket No. 27.  The District Court adopted this Court's Report and

Recommendation on August 1, 2011.  Docket No. 32.

Alphas filed a notice of appeal of the District Court's January 31, 2011 decision.  It

thereafter filed a supersedeas bond in the amount of $100,000 in order to stay execution of the

District Court's decision.  Docket No. 34.

C.      Appellate Proceedings

On May 16, 2012, the First Circuit affirmed the District Court's decision to dismiss

Alphas' Petition and awarded costs to Tudor.  Docket No. 36.  On September 12, 2012, Alphas

filed a petition for a writ of certiorari in the United States Supreme Court.  Docket No. 40.  On

November 26, 2012, the Supreme Court denied Alphas' petition.  Docket No. 49.

Meanwhile, on June 1, 2012, Tudor applied to recover its costs and attorneys' fees on

appeal.  See Docket No. 38-1.  On June 15, 2012, Alphas filed an opposition to Tudor's motion

for attorneys' fees.  See Docket No. 38-2.  The First Circuit ruled that Tudor was entitled to

recover its costs and attorneys' fees on appeal on September 14, 2012.  Docket No. 38.  The First

Circuit also remanded Tudor's application for attorneys' fees to the District Court for

determination of the total amount of fees to be awarded.  Id.

D.      Post-Appellate District Court Proceedings

On January 22, 2013, this Court issued a report and recommendation that the District

Court award Tudor total reasonable attorneys' fees in the amount of $35,967.70 and costs in the

amount of $308.71.  Docket No. 55.  The award represented the total amount due for the case

and included fees previously awarded by the Court on August 1, 2011.  Alphas objected to this

Court's report and recommendation.  Docket No. 56.  The District Court treated Alphas'

objection as a motion for reconsideration for a possible mathematical error and referred the

motion to this Court on February 8, 2013.  Docket Nos. 58, 59.  On May 16, 2013, this Court

recommended that the District Court deny Alphas' motion for reconsideration and stood by its

prior recommendation.  Docket No. 61.

On September 24, 2012, Tudor, as the prevailing party, moved to enforce liability against

the supersedeas bond filed by Alphas in the District Court.  Docket No. 42.  It sought to recover

not only the original award on the merits, but also the attorneys' fees awarded by the District

Court.  Docket No. 43.  Alphas opposed the motion in October 8, 2012 largely on the basis that it

was premature because a writ for certiorari was pending in the Supreme Court.  Docket No. 44.

On February 6, 2013, after the Supreme Court denied certiorari, this Court requested that Alphas file a memorandum addressing the merits of Tudor's application to recover against the bond.  Docket No. 57.  Alphas did not file such a memorandum.

II.    ANALYSIS

Rule 62(d) of the Federal Rules of Civil Procedure provides for a supersedeas bond as a prerequisite to obtaining a stay of proceedings to enforce a judgment.  Fed. R. Civ. P. 62(d).  In any proceeding against a surety, litigants must comply with Rule 65.1 of the Federal Rules of Civil Procedure.  Rule 65.1 applies "whenever [the Civil Rules] * * * require or allow a party to give security," and therefore governs liability on a supersedeas bond given pursuant to Rule 62(d).  Fed. R. Civ. P. 65.1.  The rule requires that

> [E]ach surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking.  The surety's liability may be enforced on motion without an independent action.  The motion and any notice that the court orders may be served on the court clerk, who must promptly mail a copy of each to every surety whose address is known.

Id.

The purpose of Rule 65.1 is to allow the liability of a surety to be enforced by an expeditious summary procedure without the necessity of an independent action.  Wright and Miller, 11A FED. PRAC. & PROC. CIV. § 2972 (2d ed. 1994).  Where a bond is posted, the liability is limited by the conditions expressed in the surety agreement.  11A FED. PRAC. & PROC. CIV. § 2973.

Here, Tudor seeks to collect its judgment against the $100,000 bond posted in this case.

Specifically, Tudor seeks the following amounts:

- $61,065.46 representing the principal of the underlying reparation award;

- $1,955.58 plus 79 cents per day interest from September 25, 2012;

- $6,940.97 in expenses awarded;

- $300 in costs; and

- $79.63 plus 9 cents per day interest from September 25, 2012.

The total for these amounts is at least $70,341.64 excluding interest.  Docket No. 42 at 6.  The motion also seeks to collect attorney's fees against the bond.  On May 16, 2013, this Court recommended that the District Court award attorneys' fees in the amount of $35,967.70 and costs in the amount of $308.71.  Docket No. 61.

Alphas has not provided any opposition to the merits of Tudor's motion.  Nevertheless, collection is limited to the terms of the bond.  Here, the bond states that collection must first proceed against Alphas, and if Alphas does not pay within 90 days, the collection may be made against the bond.  Docket No. 34.  Here, Tudor has not presented any evidence to the Court that it has attempted to collect from Alphas directly.  Accordingly, Tudor may seek enforcement of its judgment against the bond, but only after the expiration of a ninety day period after entry of judgment, assuming Alphas does not pay the judgment within that time period.

III.   RECOMMENDATION

For the reasons stated herein, this Court recommends to the District Judge to whom this case is assigned that the she GRANT the motion and allow Tudor to collect its judgment from the bond, but only 90 days after entry of judgment and the failure of Alphas to pay during that time period.

IV.     <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge